IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ZACHARY KRUEGER,<br><br>     *Plaintiff,*<br>v.<br><br>SNUG HARBOR BOATS AND COMPANY AND ANN KOCH,<br><br>     *Defendants.* | Civil Action File No.<br>2:17-cv-00129-RWS |

**COMPLAINT FOR DAMAGES**

Plaintiff Zachary Krueger files this Complaint against his former employers Defendant Snug Harbor Boats and Company for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*, showing the Court as follows:

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 29 U.S.C. § 216(b).

2. Defendant Snug Harbor Boats and Company is a business located at 3017 McEver Road, Buford, Georgia 30518 and may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia,

Mr. Henry L. Young, Jr., 5983 Hwy. 53 East, Dawsonville, GA 30534. After service, said Defendant shall be subject to the *in personam* jurisdiction of this Court.

3. Defendant Ann Koch is the CEO and CFO for Snug Harbor Boats and Company. Defendant Koch may be served with the complaint and summons by serving same upon her at Snug Harbor Boats and Company, located at 3017 McEver Road, Buford, Georgia 30518 after which service said Defendant shall be subject to the *in personam* jurisdiction of this Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. §90 because Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claim against Defendants occurred in this district.

5. Venue in the Gainesville Division of the Northern District of Georgia is proper because the Defendants reside within this division. LR 3.1 (B)(1)(a), NDGa.

**Factual Allegations**

6. At all times relevant to this Complaint, Defendants have maintained offices, conducted substantial business in Georgia, and been registered with the Georgia

Secretary of State.

7. Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203(d).

8. Ann Koch is the CFO and CEO of Snug Harbor Boats and Company.

9. Defendant Snug Harbor Boats and Company is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

10. Defendant Ann Koch is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

11. Defendant Snug Harbor Boats and Company is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

12. Defendant Ann Koch is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

13. Plaintiff was employed by the Defendants as a laborer.

14. Plaintiff was employed by Defendants from February of 2015 through early March of 2016.

15. As a laborer, his primary duties were moving boats around the boat yard, cleaning boats, sanding and painting boats, and cleaning the shop at the boat yard.

16. Ann Koch directed Plaintiff's daily duties and set Plaintiff's work hours.

17. Plaintiff worked on the property of Snug Harbor Boats and Company in Buford, Georgia.

18. Defendants provided the materials Plaintiff used to complete his work.

19. Throughout his employment by Defendants, Plaintiff was Defendants' "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20. Upon hire, Plaintiff earned $8.00 per hour. His pay was later raised to $10.00 per hour.

21. During his employment, Defendants routinely required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

22. If Plaintiff was required to miss work because of sickness or otherwise, Defendants withheld pay.

23. Plaintiff did not work less than forty (40) hours per week without Defendants reducing his pay.

24. Defendants paid Plaintiff straight time for hours worked.

25. Defendants did not pay Plaintiff overtime for hours worked over 40 per week.

26. For some weeks, rather than paying Plaintiff by check, Defendants deducted the straight time amount earned from the amount owed on a boat Plaintiff was was buying from Defendants.

27. Plaintiff was not employed by Defendants in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any other exemptions contained in the FLSA or in any regulations interpreting the FLSA during his employment.

28. Pursuant to 29 U.S.C. §211(c), Defendants were required to keep a record of the hours worked by Plaintiff.

29. Defendants did not maintain a record of the hours worked by Plaintiff.

30. Plaintiff maintained a personal record of the hours he worked for Defendants.

**Count I - Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)**

31. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

32. Defendants violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who was a non-exempt employee.

33. Defendants' violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a).

34. Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by him at any time during the two-year period immediately preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff prays

(a) that process issue against Defendants as provided by law;

(b) that, as to Count I, the Court enter judgment against Defendants and in favor of Plaintiff for his unpaid overtime wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest,

court costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c) that, as to Count II, the Court enter judgment against Defendants and in favor of Plaintiff for his lost wages, including both front and back pay, liquidated damages in an equal amount, general and compensatory damages, attorneys' fees, prejudgment interest, and the costs of this litigation, all as provided by 29 U.S.C. § 216; and

(d) for such further and additional relief as the Court deems just and equitable; and

(e) for trial by jury.

This 19th day of June, 2017.

**ORR, BROWN & BILLIPS, LLP**

| | |
|---|---|
| Post Office Box 2944 | *s/Kristine Orr Brown* |
| Gainesville, Georgia 30503 | Kristine Orr Brown |
| P: 770-534-1980 | Georgia Bar No. 554630 |
| F: 770-536-5910 | Matthew C. Billips |
| kbrown@orrbrownandbillips.com | Georgia Bar No. 057110 |

**ATTORNEYS FOR PLAINTIFF**